**FILED**

**December 21, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time: 12:15 PM**



### TENNESSE BUREAU OF WORKERS' COMPENSATION
### IN THE COURT OF WORKERS' COMPENSATION CLAIMS
### AT CHATTANOOGA

| | | |
|---|---|---|
| Jason Thomas, | ) | Docket No.: 2016-01-0424 |
| Employee, | ) | |
| v. | ) | State File No.: 12789-2016 |
| Brunswick-Sea Ray, | ) | |
| Employer, | ) | Judge Audrey A. Headrick |
| | ) | |

## EXPEDITED HEARING ORDER
## (DECISION ON THE RECORD)

This claim came before the Court upon a Request for Expedited Hearing filed by Jason Thomas pursuant to Tennessee Code Annotated section 50-6-239 (2015). Mr. Thomas seeks medical benefits and temporary disability benefits for his left shoulder condition. Mr. Thomas requested that the Court review the documents in the file and issue a decision on the record without an evidentiary hearing. Brunswick-Sea Ray did not object to a decision on the record determination. The Court issued its docketing notice on December 12, 2016, and neither party responded. The central legal issue is whether Mr. Thomas would likely prevail at a hearing on the merits in proving he sustained an injury or aggravation to his pre-existing left shoulder condition that arose primarily out of and in the course and scope of his employment with Brunswick. Secondary issues include whether Mr. Thomas is entitled to reimbursement for medical expenses and temporary disability benefits.

This Court holds it needs no additional information to determine these issues.[1] Based upon the record, the Court finds the evidence submitted is insufficient to establish Mr. Thomas is likely to prevail at a hearing on the merits in proving he sustained an injury or aggravation to his pre-existing left shoulder condition that arose primarily out of and in the course and scope of his employment with Brunswick.[2]

---

[1] Accordingly, pursuant to Tennessee Code Annotated section 50-6-239(d)(2) (2016), Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(f) (2016), and Rule 7.02 of the Practices and Procedures of the Court of Workers' Compensation Claims (2016), the Court decides this matter upon a review of the written materials.

[2] A complete listing of the technical record and exhibits is attached to this Order as an appendix.

1

## History of the Claim

Here, the parties do not dispute that a boat mold liner fell on top of Mr. Thomas on February 18, 2016.[3] The parties dispute whether Mr. Thomas would likely prevail at a hearing on the merits in rebutting the statutory presumption of correctness afforded to the authorized treating physician's causation opinion that his left shoulder condition did not arise primarily out of the February accident.

Mr. Thomas was transported by ambulance to University of Tennessee Medical Center following the accident. (Ex. 9.) The records reflect Mr. Thomas complained of severe back pain with left leg numbness as well as left shoulder pain. Regarding his left shoulder, the only diagnostic testing performed at that time, an x-ray, indicated no acute findings.

Following his discharge from the hospital, Brunswick sent Mr. Thomas to Lakeway Urgent Care for a fitness-for-duty determination by Dr. John Sanabria. (Ex. 6.) Dr. Sanabria's record reflects that Mr. Thomas complained of intense *right* shoulder pain while at the emergency room. He noted that Mr. Thomas "inconsistently complains of exaggerated subjective pain diffusely in his right shoulder and back." *Id.* Dr. Sanabria diagnosed Mr. Thomas with low back pain and an "[u]nspecified sprain of right shoulder joint." *Id.* He indicated he requested and reviewed Mr. Thomas' emergency room records and stated the following: "They confirm the fact that no acute findings were encountered. Given the inconsistencies in the exam room, it is possible the patient is malingering. For now, he will be given the benefit of the doubt." *Id.*

Brunswick later offered Mr. Thomas a panel of physicians from which he selected Dr. Paul Becker. (Ex. 3.) Dr. Becker's initial visit note indicates Mr. Thomas sought treatment options for his left shoulder pain. (Ex. 8.) To rule out a labrum tear, Dr. Becker ordered an MRI arthrogram. The April 5 MRI showed an "[e]xtensive labral tear." *Id.* Dr. Zachary Jumper, a radiologist, supplemented the report with an Addendum as follows:

> Left shoulder injury 2/18/2016. Previous MRI is now available dated 5/2/2014. Anterior inferior and posterior inferior labral tearing with posterior paralabral cysts again seen, not significantly changed, better visualized on MR arthrogram 4/5/2016 consistent with chronic findings. Superior labrum not well evaluated on previous noncontrast exam in 2014 due to lack of joint fluid. No rotator cuff tendon tear seen.

*Id.*

---

[3] The records reflect that Mr. Thomas varied in telling his medical providers the estimated weight of the boat mold. Some records reflect it weighed 400 pounds, while others state it weighed 1,000 pounds.

Mr. Thomas returned on April 11 to see Dr. Becker. At that visit, Dr. Becker reviewed the MRI results and opined he did not see anything "to indicate that there is really any new injury sustained to the left shoulder." *Id.* He specifically noted the two MRIs showed "the same tears were present but it looked like they are more involved." *Id.* Upon hearing Dr. Becker's opinion, Mr. Thomas "walked out during the explanation of the findings and was not happy with the results." *Id.* Dr. Becker proceeded to close Mr. Thomas' case and placed him at maximum medical improvement.

On the same day, Dr. Becker responded to a causation letter from Brunswick's third-party administrator.[4] (Ex. 10.) He diagnosed Mr. Thomas with "chronic labral tear left shoulder." *Id.* Dr. Becker also marked the option to opine that Mr. Thomas' current condition "DID NOT primarily arise out of [his] employment (50% or under due to work)." *Id.* On April 13, Brunswick filed a Notice of Controversy denying the claim. (Ex. 5.)

After Brunswick denied his claim, Mr. Thomas sought treatment on his own with Dr. Christopher S. Bowman.[5] (Ex. 11.) On April 26, Mr. Thomas reported left shoulder pain after a mold fell on him at work. He told Dr. Bowman that Dr. Becker thought the findings on his April 5 left shoulder MRI were pre-existing. On May 6, Mr. Thomas opted to proceed with surgery by Dr. Bowman for his left shoulder labral tear. (Ex. 7.) At a post-operative visit on June 2, Dr. Bowman noted, "there is some question as to whether injury at work caused labral tearing seen at surgery." (Ex. 11.) He opined as follows: "Although I cannot answer this question definitively, we discussed how findings at surgery were more extensive than findings on MRI from 5/14." *Id.*

On July 3, Mr. Thomas filed a Petition for Benefit Determination seeking medical and temporary disability benefits in relation to his left shoulder condition. The parties did not resolve the disputed issues through mediation, and the mediator filed a Dispute Certification Notice on August 30. On the Dispute Certification Notice, the Mediator listed compensability, medical benefits, and temporary disability benefits as disputed issues.[6] Brunswick timely submitted an Employer Objection to Dispute Certification Notice. In response to a Show Cause Hearing, Mr. Thomas filed a Request for Expedited Hearing.

Mr. Thomas argued he sustained a compensable left shoulder injury on February 18, 2016. In support of his contention, Mr. Thomas argued that the mold falling on him and pinning him underneath it caused his left shoulder condition and required him to have

---

[4] Brunswick is self-insured. (Ex. 2.)

[5] The record reflects Mr. Thomas previously saw Dr. Bowman on April 15, 2015, for left shoulder pain following his involvement in a motor vehicle accident. (Ex. 11.) Based upon the results of a left shoulder MRI, Dr. Bowman injected Mr. Thomas' "left ac joint." (Ex. 7; Ex. 11.)

[6] Initially, Brunswick's timely objection to the DCN was inadvertently not included with the Mediator's filing.

surgery. He relied on the opinion of Dr. Bowman. Brunswick argued the Court should deny Mr. Thomas' claim because Dr. Becker, the panel physician, opined that Mr. Thomas' left shoulder injury was not primarily caused by the work injury on February 18, 2016.

**Findings of Fact and Conclusions of Law**

Mr. Thomas has the burden of proof on all essential elements of a workers' compensation claim. *Scott v. Integrity Staffing Solutions,* No. 2015-01-0055, 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *6 (Tenn. Workers' Comp. App. Bd. Aug. 18, 2015). He is not required to prove every element of his claim by a preponderance of the evidence in order to obtain relief at an expedited hearing. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015). At an expedited hearing, Mr. Thomas has the burden to come forward with sufficient evidence from which the trial court can determine that he is likely to prevail at a hearing on the merits. *Id.* This lesser evidentiary standard does not relieve Mr. Thomas of the burden of producing evidence of an injury by accident that arose primarily out of and in the course and scope of employment at an expedited hearing, "but allows some relief to be granted if that evidence does not rise to the level of a 'preponderance of the evidence.'" *Buchanan v. Carlex Glass Co.,* No. 2015-01-0012, 2015 TN Wrk. Comp. App. Bd. LEXIS 39, at *6 (Tenn. Workers' Comp. App. Bd. Sept. 29, 2015).

Brunswick asserts Mr. Thomas failed to show he is likely to prevail at a hearing on the merits in proving causation of his alleged work-related, left shoulder injury. In order to establish causation, Mr. Thomas must show, to a reasonable degree of medical certainty, that the incident "contributed more than fifty percent (50%) in causing the . . . disablement or need for medical treatment, considering all causes." Likewise, an aggravation of a pre-existing condition is compensable only if "it can be shown to a reasonable degree of medical certainty that the aggravation arose primarily out of and in the course and scope of employment." The phrase "reasonable degree of medical certainty" means that, in the opinion of the physician, it is more likely than not considering all causes as opposed to speculation or possibility." Further, the causation opinion of the panel physician, Dr. Becker, "shall be presumed correct but this presumption shall be rebuttable by a preponderance of the evidence." *Id.* at § 50-6-102(14) (2015).

Under the Workers' Compensation Law, Mr. Thomas must rebut the presumption of correctness regarding the medical opinion of Dr. Becker in order to prevail. To do so, Mr. Thomas submitted the opinion of Dr. Bowman who performed his left-shoulder surgery. Dr. Bowman opined that, "[a]lthough I cannot answer this question [regarding causation] definitively, we discussed how findings at surgery were more extensive than findings on MRI from 5/14." (Ex. 5.) Conversely, Dr. Becker reviewed the pre-accident and post-accident MRI results and opined he did not see anything "to indicate that there

4

is really any new injury sustained to the left shoulder." (Ex. 8.) Dr. Becker also opined that Mr. Thomas' left shoulder condition did not arise primarily out of the accident. The Court holds that the mere submission of the opinion of Dr. Bowman is not sufficient to overcome the statutory presumption in favor of Dr. Becker. *See Sanker v. Nacarato Trucks, Inc., et al.*, No. 2016-06-0101, 2016 TN Wrk. Comp. App. Bd. LEXIS 27, at *11-13 (Tenn. Workers' Comp. App. Bd. July 6, 2016).

Accordingly, the Court holds Mr. Thomas is unlikely to prevail at a hearing on the merits in proving that his left-shoulder condition is related to the February 18, 2016 accident. Therefore, the Court denies his request for medical and temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Thomas' requested relief is denied at this time.

2. This matter is set for a Scheduling Hearing on February 22, 2017, at 2:00 p.m., ET.

**ENTERED this the 21st day of December, 2016.**

**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

Scheduling Hearing:

A Scheduling Hearing has been set on February 22, 2017, at 2:00 p.m. Eastern Time, with **Judge Audrey A. Headrick, Court of Workers' Compensation Claims. You must call 423-634-0164 or toll free at 855-383-0001 to participate in the Hearing. Please Note: <u>You must call in on the scheduled date/time to participate.</u> Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal</u>:

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if

any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

# APPENDIX

<u>Exhibits:</u>

1.   Affidavit of Jason Thomas
2.   First Report of Injury
3.   Panel of physicians
4.   Wage Statement
5.   Notice of Controversy
6.   Medical records of Lakeway Urgent Care
7.   Medical records of Sweetwater Hospital
8.   Medical records of Dr. Paul Becker
9.   Medical records of University of Tennessee Medical Center
10.  Response of Dr. Becker to correspondence from Cheryl Hawthorne, Senior Claims Representative of ESIS
11.  Medical records of Dr. Christopher Bowman
12.  Brunswick Boat Group's "Job Physical Requirements"


<u>Technical record:</u>

1. Petition for Benefit Determination
2. Dispute Certification Notice, including list of additional issues filed by Brunswick
3. Show Cause Order
4. Order on Show Cause Hearing
5. Request for Expedited Hearing
6. Employer Response to Request for Expedited Hearing
7. Docketing Notice for Review of the File Determination

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Expedited Hearing Order was sent to the following recipients by the following methods of service on this the 21st day of December, 2016.

| Name | Certified Mail | Via Fax | Fax Number | Via Email | Email Address |
|---|---|---|---|---|---|
| Jason Thomas | X | | | X | 139 Village Lane Madisonville, TN 37354 sweettn5@yahoo.com |
| Sam Doak, Atty | | | | X | sdoak@adhknox.com |

Penny Shrum, Clerk of Court
Court of Workers' Compensation Claims
WC.CourtClerk@tn.gov